UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA



FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA

2008 FEB 11  P 2: 04

SIGN_____
BY DEPUTY CLERK

| | |
|---|---|
| RODNEY ATKINS, ET AL | |
| VERSUS | CIVIL ACTION |
| FERRO CORPORATION, ET AL | NUMBER 03-945-JVP-CN |

-CONSOLIDATED WITH-

| | |
|---|---|
| JOSHUA ASHLEY, ET AL | |
| VERSUS | CIVIL ACTION |
| ED FRINDT, FERRO CORPORATION PLANT MANAGER | NUMBER 03-946-JVP-CN |

-CONSOLIDATED WITH-

| | |
|---|---|
| JACQUELINE T. SPEARS, ET AL | |
| VERSUS | CIVIL ACTION |
| FERRO CORPORATION, ET AL | NUMBER 04-627-JVP-CN |

-CONSOLIDATED WITH-

| | |
|---|---|
| JUNE HARRISON, ET AL | |
| VERSUS | CIVIL ACTION |
| FERRO CORPORATION, ET AL | NUMBER 04-759-JVP-CN |

-CONSOLIDATED WITH-

| | |
|---|---|
| PAUL BAKER, ET AL | |
| VERSUS | CIVIL ACTION |
| FERRO CORPORATION | NUMBER 04-760-JVP-CN |

-CONSOLIDATED WITH-

| | |
|---|---|
| WILL GASPARD AND JOHN DANIEL SPENCER | |
| VERSUS | CIVIL ACTION |
| ED FRINDT, PLANT MANAGER AND FERRO CORPORATION | NUMBER 04-766-JVP-CN |

-CONSOLIDATED WITH-

| | |
|---|---|
| JOSHUA ASHLEY, ET AL | |
| VERSUS | CIVIL ACTION |
| FERRO CORPORATION | NUMBER 04-767-JVP-CN |

## RULING ON MOTIONS

This matter is before the court on a motion for summary judgment, filed by defendants, Ferro Corporation and Edward Frindt[1] ("defendants") (doc. 185) in these consolidated actions and a motion for summary judgment, filed by plaintiffs, Rodney Atkins, et al. ("Plaintiffs") (doc. 194). Defendants filed a memorandum in support of their motion (doc. 186), as well as a statement of uncontested material facts (doc. 187). Plaintiffs opposed defendants' motion (doc. 188), filed a memorandum in

---

[1] Edward Frindt, is alleged to have been the manager of the Ferro Corporation Plant in Zachary, Louisiana at the time of the incident (03-946-A, doc. 1, Ex. A, ¶ 16).

support of their motion (doc. 194-2) and a statement of uncontested material facts (doc. 194-3). Defendants opposed plaintiffs' cross-motion (doc. 199), filed a statement of material facts for purposes of summary judgment (doc. 200), and replied to plaintiffs' memorandum in opposition to defendants' motion for summary judgment (doc. 202). The parties have submitted exhibits. Discovery is complete (doc. 171). Jurisdiction is based on 28 U.S.C. § 1332, and there is no need or a hearing.

## FACTS AND PROCEDURAL HISTORY

Plaintiffs in these consolidated cases seek damages that allegedly stem from the release of hazardous chemicals subsequent to a fire at the Ferro Corporation Chemical Plant on Highway 61 near Zachary, Louisiana on the morning of the seventeenth or eighteenth day of September, 2003.[2] Plaintiffs contend that the fire broke out near a large container of benzene phosphorus dichloride that began to leak. The chemical reacted with moisture in the air and with the water used to extinguish the fire, creating a hazardous cloud of hydrochloric acid. A shelter-in-place order was issued for the area surrounding the plant, and plaintiffs, all of whom contend that they were "in the vicinity" of Highway 61 in Zachary, Louisiana at the

---

[2]*See* (doc. 1, Ex. A, ¶¶ 3-6 & doc. 188, Ex. A, p. 1) (stating that the incident occurred on September 17, 2003)); (04-760-A, doc. 1, ¶ 4 (same)); (04-759-A, doc. 1, Ex. A, ¶¶ 3-4 (using the language "on or about September 17, 2003")); *but see* (03-946-A, doc. 1, Ex. A ¶¶ 3-5 (stating that the incident occurred on September 18, 2003)); (04-766-A, doc. 1, Ex. A, ¶ 12 (same)); (04-767-A, doc. 1, Ex. A, ¶¶ 4-5 (same)); (04-627-A, doc. 1, Ex. A, ¶¶ 3, 8 (same, but stating that the plume drifted over mostly the northern part of the parish));.

time of the incident, seek damages for personal injury, mental anguish, inconvenience, fear and fright, fear of contracting serious illness, emotional distress and medical monitoring as a result of their alleged exposure to chemicals released by the plant.[3]

On August 30, 2007, the court held a status conference and subsequently provided notice to counsel that "[d]ispositive motions shall be filed by November 16, 2007 (doc. 183). On November 16, 2007, defendants filed the current motion for summary judgment (doc. 185). Plaintiffs filed their motion for summary judgment approximately one month after the deadline for dispositive motions, on December 14, 2007 (doc. 194).

In their statement of uncontested material facts, defendants have set forth the following facts that they claim are material to their motion for summary judgment (doc. 187).[4]

---

[3] See (doc. 1, Ex. A, ¶¶ 17-19); (03-946-A, doc. 1, Ex. A, ¶¶ 20-22 (also claiming medical, hospital and pharmaceutical expenses)); (04-627-A, doc. 1, Ex. A, ¶¶ 21-22 (claiming fear, anguish, discomfort, inconvenience and personal injuries)); (04-759-A, doc. 1, Ex. A, ¶-9 (claiming personal injuries, emotional and mental damages, property value diminution and inconvenience)); (04-760-A, doc. 1, ¶¶, 19-20 (claiming personal injury, mental anguish, inconvenience, fear and fright, fear of contracting serious illness, emotional distress and medical monitoring)); (04-766-A, doc. 1, Ex. A, ¶¶¶ 20-21 (claiming medical, hospital and pharmaceutical expenses, mental and economic damages, inconvenience, fear and fright, fear of contracting serious illness, emotional damages, damages for shelter-in-place and medical monitoring)); (04-767-A, doc. 1, Ex. A, ¶¶ (same)).

[4] Plaintiffs, in opposing defendants' motion for summary judgment, did not include a statement of material facts to which they claim that there exists a genuine issue to be tried. Under LR 56.2, all material facts set forth in defendants statement of uncontested facts (doc. 187) are therefore uncontroverted and deemed admitted for the purposes of defendants' motion for summary judgment.

1. This Court's Scheduling Order set deadlines of October 16, 2006 for plaintiffs to identify their expert witnesses and January 15, 2007 for plaintiffs to submit their experts' reports.

2. On October 16, 2006, plaintiffs identified Vasilis Fthenakis, Ph.D. and John M. Grymes, III as their testifying experts.

3. On or about February 13, 2007, plaintiffs submitted the expert report of John M. Grymes, III. Plaintiffs failed to submit an expert report for Dr. Fthenakis by the February 15, 2007 deadline.

4. On April 13, 2007, the Magistrate Judge granted defendants' motion to strike Dr. Fthenakis from the plaintiffs' expert list, thereby excluding his testimony in this matter.

5. On August 30, 2007, the court held a status conference and set deadlines of October 31, 2007 for depositions of experts and November 16, 2007 for the filing of dispositive motions. The court further set the Final Pretrial Status Conference for December 21, 2007.

6. Mr. Grymes stated in his October 9, 2007 deposition that: (1) his area of expertise is weather and climate, (2) all of his opinions are expressed in his expert report, (3) he is not qualified to render opinions regarding the toxological effects of chemicals on human beings, (4) he was not provided any information in this matter regarding the nature or identity of the chemicals allegedly released or regarding the duration of the release, (6) he was given no information regarding the location where plaintiffs claim to have been exposed to the released chemicals, and (7) he did not perform any calculations regarding the inter-phase dispersion of chemicals in the air, and would not have undertaken that task because there are other individuals better qualified to perform such calculations.

7. Plaintiffs cannot introduce an expert witness to testify as to harmful level of exposure to any chemicals.

8. Plaintiffs cannot introduce an expert witness to testify as to the degree or dose of their alleged exposure to chemicals.

9. Plaintiffs have failed to identify any medical causation experts to support their claims for physical injuries.

10. Plaintiffs have failed to identify any medical or psychiatric experts to support their claims for emotional distress and anxiety damages.

11. Plaintiffs have failed to identify any experts to support their claim that defendants were negligent in causing their alleged exposure.

## LAW AND DISCUSSION

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

In determining whether the movant is entitled to summary judgment, the court views facts in the light most favorable to the non-movant and draws all reasonable inferences in her favor. *Coleman v. Houston Independent School District*, 113, F.3d 528 (5th Cir. 1997). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2411, 91 L.Ed.2d 202 (1986). The non-movant's burden, however, is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions or a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. V. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)

Because these consolidated cases are diversity actions, Louisiana substantive law applies. *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). "Questions of Louisiana law are resolved 'the way the Louisiana Supreme Court would interpret the statute based on precedent, legislation, and relevant commentary.'" *Molden v. Georgia Gulf Corp.*, 465 F.Supp.2d 606, 610 (M.D.La. 2006) (quoting *Occidental Chemical Corp. V. Elliott Turbomachinery Co., Inc.*, 84 F.3d 172, 175 (5th Cir. 1996)).

In the present case, plaintiffs have not presented the court with evidence to support their claims of property damage, shelter-in-place damages, hospital costs, medical costs or pharmaceutical costs for the purposes of this motion. Therefore, the questions before the court are whether plaintiffs have presented evidence to establish a genuine issue of fact with regard to their other claims of personal injury, emotional distress, or medical monitoring.

**Physical Injury Claims**

A tort action in Louisiana requires a plaintiff to demonstrate by a preponderance of the evidence that his injury was caused by the fault of the defendant. See e.g., *Lawson v. Mitsubishi Motor Sales of America, Inc.*, 938 So.2d 35, 45 (La.2006). As asserted in defendants' statement of uncontested material facts, plaintiffs have not produced any expert testimony or report to establish that: plaintiffs: (1) were actually exposed to a harmful level of the chemical, or (2) were

physically injured by the hydrochloric acid allegedly released from the plant.[5] Therefore, plaintiffs have failed to demonstrate that a genuine issue of fact exists regarding actual physical injury or causation– elements essential to their claim of personal injury in this toxic tort action. See e.g., *Allen v. Pennnsylvania Engineering Corp.*, 102 F.3d 194 (5th Cir. 1996) (stating that "[s]cientific knowledge of the harmful level of exposure to a chemical, plus knowledge that the plaintiff was exposed to such quantities, are minimal facts necessary to sustain the plaintiff's burden in a toxic tort case"); *Templet v. Hydrochem, Inc.*, 367 F.3d 473 (5th Cir. 2004) (upholding a grant of summary judgment where plaintiffs had not produced expert witness lists or expert reports to establish liability, causation or damages); *Knight v. Kirby Inland Marine, Inc.*, 482 F.3d 347, 351 (5th Cir. 2007) (upholding a grant of summary judgment where plaintiff failed to provided valid expert evidence that plaintiff's injury was specifically caused by his exposure to benzene);

**Emotional Distress Claims**

The Louisiana Supreme Court, in *Moresi v. State Through Dept. of Wildlife and Fisheries*, 567 So.2d 1081, 1095 (La.1990), stated that, as a general rule, "if the defendant's conduct is merely negligent and causes only mental disturbance, without

---

[5]Plaintiff's only expert report was made by John M. Gymes, III. The report merely states the weather conditions as they were recorded on September 17, 2003 and concludes that the north-northeast to east-northeast winds likely would have transported a plume in the direction of a Louisiana State Police compound where some plaintiffs in the current action were located (doc. 186, Ex. A). Upon deposition, however, Mr. Grymes however also testified that he had no idea what concentration or chemical was involved and would not testify regarding the impact of the chemicals at issue (doc. 188, Ex. H, pp. 5-6).

accompanying physical injury, illness or other physical consequences, the defendant is not liable for such emotional disturbance." The court then noted that deviations from that general rule occur only under "special circumstances, which serve[] as a guarantee that the claim is not spurious." *Id.* at 1096. As examples of those "special circumstances," the court listed: (1) negligent transmission of a message, especially one announcing death, indicating on its face a potential for mental distress; (2) mishandling of corpses; (3) failure to install, maintain or repair consumer products; (4) failure to take photographs or develop film; (5) negligent damage to one's property while the plaintiffs were present and saw their property damaged; and (6) cases allowing damages for nervous shock, where the plaintiff was actually in great fear for his personal safety. *Id.* at 1095.

Plaintiffs cite *Vallery v. Southern Baptist Hosp.*, 630 So.2d 861, 866 (La.App. 4 Cir. 1993), *writ denied*, 634 So.2d 860 (La.1994), for the proposition that, "where a plaintiff alleges and proves a genuine and reasonable fear, the *Moresi* requirements have been satisfied" (doc. 188, p. 9). In *Vallery*, the plaintiff sought emotional distress damages for negligent exposure to human immunodeficiency virus. The *Vallery* court noted that she had no manifest injury and stated that, under such circumstances "fear in the absence of a channel to the plaintiff for infection, while perhaps genuine, is not sufficiently reasonable as a matter of law to impose liability." *Id.* at 868.

9

As previously noted, plaintiffs in the present case have failed to present any scientific evidence that they were actually exposed to a toxic chemical in concentrations known to be harmful. In the absence of this evidence, plaintiffs' fear, while perhaps genuine, is not sufficiently reasonable as a matter of law to impose liability. Such a holding is consistent with the *Moresi* court's statement that the *Moresi* requirements exist to "guarantee that the claim is not spurious." See *Moresi*, 567 So.2d at 1096.

It is also consistent with the holding in *Molden v. Georgia Gulf Corp.*, 465 F.Supp.2d 606 (M.D.La. 2006). In that case the plaintiffs sought damages for physical injury, emotional distress and inconvenience after being ordered to shelter-in-place subsequent to a fire and an allegedly negligent chemical release from a Georgia Gulf Corporation plant. After noting that none of the plaintiffs presented scientific evidence demonstrating that they were exposed to a harmful level of the chemical, the court granted summary judgment for the defendant, concluding that none of the stated exceptions in *Moresi* were applicable and the available facts did not guarantee that the claim was not spurious.[6] *Id.*

---

[6]See also, *Bonnette v. Conoco, Inc.*, 837 So.2d 1219 (La.2003). In *Bonnette*, the Louisiana Supreme Court rejected a claim for emotional distress where, though the plaintiffs were actually exposed to a slight amount of asbestos, they had no manifest symptoms of disease. In rejecting the claim, the court noted that "it is a fact of modern life that most of use are exposed to *de minimus* amounts of asbestos on a daily basis" and the plaintiffs " failed to prove their exposures resulted in a particular likelihood of genuine and serious mental distress." *Id.* at 1236. The *Bonnette* court also stated that awarding damages for mental anguish caused by exposure in the absence of present disease "would exacerbate not only the multiplicity of suits but the unpredictability of results." *Id.* at 1235.

Because plaintiffs in the present case have not presented scientific evidence of physical injury or disease and have presented no circumstances which give rise to a *Moresi* exception or that guarantee their claim is not spurious, the court concludes that the facts presented, even when viewed in the light most favorable to the plaintiffs, do not justify a claim for emotional distress or mental anguish under Louisiana law.

## Medical Monitoring Claims

Article 2315 of the Louisiana Civil Code was amended in 1999 to provide that "[d]amages do not include costs for future medical treatment, services, surveillance, or procedures of any kind unless such treatment, services, surveillance, or procedures are directly related to a manifest physical or mental injury or disease."

Because plaintiffs have presented no medical evidence of manifest physical or mental injury or disease, no genuine issue of material fact exists to support a claim for medical monitoring.

Having thoroughly reviewed the submissions of the parties, viewing the facts in the light most favorable to plaintiffs and construing all reasonable inferences in their favor, the court concludes that plaintiffs have failed to demonstrate that genuine issues of material fact exist to support elements essential to their case. Because the plaintiff bears the burden to demonstrate liability at trial, the court does not need to repeat the analysis to evaluate the merits of plaintiffs' cross-motion for summary

judgment or address plaintiffs' failure to file their motion within the deadline set by the court.

## CONCLUSION

For the foregoing reasons, the cross-motion for summary judgment, filed by plaintiffs, (doc. 194) is hereby **DENIED**. The motion for summary judgment, filed by defendants, Ferro Corporation and Edward Frindt, (doc. 185) is hereby **GRANTED** and judgment shall be entered in favor of defendants, dismissing each of these actions.

Baton Rouge, Louisiana, February 11, 2008.

*[signature]*
JOHN V. PARKER
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA